UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | | |
|---|---|---|
| JOVANNY SANCHEZ and FABIAN LOJA, on behalf of themselves and all others similarly situated, | : : : | **COMPLAINT** |
| | : | |
| Plaintiffs, | : | **FLSA COLLECTIVE** |
| | : | **ACTION AND RULE 23** |
| -against- | : | **CLASS ACTION** |
| | : | |
| JRR CONTRACTING INC. and JOSE L. RODRIGUEZ, | : : | |
| Defendants. | : | |

-------------------------------------------------------------X

      Plaintiffs JOVANNY SANCHEZ and FABIAN LOJA, on behalf of themselves and all others similarly situated, by and through their attorneys, Harrison, Harrison & Assoc., Ltd, allege upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

      1.    Plaintiffs JOVANNY SANCHEZ and FABIAN LOJA (referred to herein as "Plaintiffs") were employed by JRR CONTRACTING INC. and JOSE L. RODRIGUEZ, (collectively referred to herein as "Defendants") as non-exempt construction employees subject to the wage and overtime provisions of the Fair Labor Standards Act of 1938 (hereinafter referred to as "FLSA"), as amended, 29 U.S.C. § 201 *et. seq.* and the New York Labor Law (hereinafter referred to as "NYLL").

      2.    Plaintiffs bring this action on behalf of themselves, and all other similarly situated non-exempt construction employees employed by Defendants, seeking unpaid wages and unpaid overtime wages based upon Defendants' violations of the FLSA, the NYLL, and the supporting New York State Department of Labor regulations, as well as

statutory penalties for violations of NYLL 195(1) and (3).

## JURISDICTION AND VENUE

3.      Jurisdiction of this Court over this controversy is based upon 29 U.S.C. § 201 *et. seq.,* and 28 U.S.C § § 1331.

4.      This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

5.      Venue is proper within this District pursuant to 28 U.S.C. § 1391, because Defendants do business in, and therefore reside in, this District.  Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

6.      Accordingly, this action properly lies in the Southern District of New York, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

7.      At all times relevant to the complaint, Plaintiffs were "employees" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2).

8.      Plaintiff JOVANNY SANCHEZ was employed by Defendants, as described herein, from approximately March of 2013 until on or about August 8, 2017. Plaintiff Sanchez resides in the County of Queens in the State of New York.

9.      Plaintiff FABIAN LOJA was employed by Defendants, as described herein, from on or about October 4, 2016, until on or about October 19, 2017.  Plaintiff Loja resides in the County of Queens in the State of New York.

10.     Plaintiffs' written consent to sue forms are attached hereto as Exhibit "A".

11.     Defendant JRR CONTRACTING INC. is a New York Domestic Business

2

Corporation with its principal place of business located at 8407 266th Street, Floral Park, New York 11001.

12.     Defendant JOSE L. RODRIGUEZ is the founder, owner, CEO and/or operator of Defendant JRR CONTRACTING INC.

13.     At all times relevant hereto, each of the Defendants were "employers" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

14.     At all times relevant hereto, the activities of the Defendants jointly and separately constituted an "enterprise" within the meaning of Section 3 (r) & (s) of the FLSA, 29 U.S.C. § 203 (r) & (s).

15.     At all times relevant hereto, Defendants employed employees, including Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members, who regularly engaged in commerce, in the production of goods for commerce, or in handling, selling or otherwise working on goods and materials, which were moved in or produced for commerce within the meaning of Section 3(b), (g), (i), and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s) (A)(i).

16.     At all times relevant hereto, Defendants' annual gross volume of sales made or business done is not less than $500,000.00 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## COLLECTIVE ACTION ALLEGATIONS

17.     Plaintiffs bring the First Claim for Relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all persons employed by Defendants as non-exempt construction employees during the three years prior to the filing of the original

Complaint in this case as defined herein.  All said persons, including Plaintiffs, are referred to herein as the "FLSA Collective Plaintiffs".

18.     At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine and rules to willfully fail and refuse to pay them the legally required overtime premium for all hours worked in excess of forty (40) hours per workweek.  The Plaintiffs' claims herein are essentially the same as those of the other FLSA Collective Plaintiffs.

19.     Other non-exempt construction employees currently or formerly employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard.  Certifying this action as a collective action under the FLSA will provide other construction workers with notice of the action and allow them to opt in to this action if they so choose.

20.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to §216(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

21.     Plaintiffs bring the Second and Third Claims for Relief pursuant to the Fed. R. Civ. P. ("FRCP") Rule 23, to recover unpaid wages, unpaid overtime pay, and

other damages on behalf of all individuals employed in the State of New York by Defendants as non-exempt construction employees at any time during the six years prior to the filing of the original Complaint in this case as defined herein (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class Members" and/or the "Class".

22.    The number, names and addresses of the Class Members are readily ascertainable from the records of the Defendants. The dates of employment and the rates of pay for each Class Member, the hours assigned and worked, and the wages paid to them, are also determinable from Defendants' records.  Notice can be provided by means permissible under FRCP Rule 23.

23.    The proposed Class is so numerous that joinder of all Class Members is impracticable, and the disposition of their claims as a Class will benefit the parties and the Court. While the precise number of such persons is unknown to the Plaintiffs and is presently within the sole control of Defendants, Plaintiffs believe that through discovery Plaintiffs shall obtain evidence to establish that there are at least 40 members of the Class.

24.    Plaintiffs' claims are typical of the claims of the Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. All the Class Members were subject to the same corporate practices of Defendants, in that they were not compensated for all hours worked and/or for all overtime hours worked as required by 12 NYCRR § 142-2.2, and that Defendants failed to provide them with proper notices and wage statements as required by NYLL §195. Defendants' corporate-wide policies and practices affected all Class Members similarly,

and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

25. As fellow employees of Defendants, which failed to adequately compensate Plaintiffs and the members of the Class as required by law, Plaintiffs and the other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

26. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs have retained Harrison, Harrison & Associates, Ltd., a competent and experienced employment litigation law firm.

27. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources;

however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

28.     Upon information and belief, employees of Defendants in these types of actions are often afraid to individually assert their rights out of fear of direct or indirect retaliation and former employees are fearful of bringing individual claims because of the fear that doing so could harm their employment, future employment, and future efforts to secure employment.  A class action provides Class Members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

29.     The questions of law and fact common to the Class predominate over any questions affecting only individual Class Members, including: (a) whether Defendants failed to adequately compensate the Class Members for all hours worked and failed to pay Class Members overtime pay as required by 12 NYCRR § 142-2.2, (b) whether Defendants provided Class Members with the notices required by NYLL § 195(1), and (c) whether Defendants provided Class Members with the wage statements required by NYLL § 195(3).

7

30.     Absent a class action, many of the Class Members likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the NYLL.

## FACTUAL ALLEGATIONS

31.     Defendants operate a construction company based in New York City.

32.     Defendants employ various non-exempt hourly construction worker employees who are assigned to perform construction work for Defendants.

33.     At all times relevant hereto, Defendants employed Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members as non-exempt hourly construction workers.

34.     Defendants assigned Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members to various construction-related activities including but not limited to mixing cement, putting together cement blocks, caulking and putting silicon on windows, roof work, painting, and other building and construction-related activities.

35.     During the winter months – from November through March – Defendants regularly scheduled Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members to work four (4) to five (5) days a week.

36.     During the warmer months – from April through October - Defendants regularly scheduled Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members to work six (6), or sometimes seven (7), days a week.

37.     Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members were scheduled to work from 8:00 am to 4:30 pm each day, with a thirty-minute unpaid lunch break.  Thus during the warmer months Defendants scheduled Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members were scheduled to work between forty-eight

and fifty-six hours per week.

38.    Defendants automatically deducted – and did not pay Plaintiffs, the FLSA

Collective Plaintiffs, and the Class Members for – a thirty (30) minute lunchbreak each

day.

39.    On some occasions, Plaintiffs worked through their unpaid lunchbreaks.

Defendants did not pay Plaintiffs for this half hour of work that they performed.

40.    Plaintiffs regularly arrived at the work site and started work at 7:30 am—

one half hour before their scheduled start time.  Defendants did not pay Plaintiffs for this

half hour of work that they performed.

41.    Defendants only paid Plaintiffs, the FLSA Collective Plaintiffs, and the

Class Members for eight (8) hours of work per day, even though some of them often

worked more than eight (8) hours per day.

42.    In addition to his work at the job site, Plaintiff Sanchez would regularly

work an additional thirty (30) minutes per day while at home, sending text messages,

making lists of materials and lists of people who would be bringing supplies.  Defendants

did not pay him for any of this time that he worked away from the job site.

43.    Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members

regularly worked over forty (40) hours per workweek, as set forth above.

44.    Despite Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members

regularly working in excess of forty (40) hours per week, Defendants failed to pay them

overtime premiums as required by law.

45.    Defendants paid Plaintiffs every week at hourly rates of between $22.00

and $25.00 per hour.

46.     Defendants did not properly compensate Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members for all hours they worked for Defendants.

47.     Defendants did not properly compensate Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members at the lawful overtime rates of one and one-half times their regular hourly rates of pay as required by law for all hours worked in excess of forty (40) hours per week.

48.     Defendants failed to keep accurate and sufficient time records as required by Federal and New York State laws.

49.     Defendants failed to provide Plaintiffs and the Class Members with the notices required by NYLL §195(1).

50.     Defendants regularly paid Plaintiffs, the FLSA Collective Plaintiffs and the Class Members in cash without wage statements or other explanation of how their wages were calculated.

51.     Defendants violated NYLL § 195(3) by failing to furnish Plaintiffs and the Class Members with a statement with every payment of wages, listing, among other things, hours worked, rates paid, gross wages, deductions and net wages, and an explanation of how such wages were computed.

52.     Defendants violated NYLL § 195(4) by failing to establish, maintain and preserve, for not less than six (6) years, sufficiently detailed payroll records showing among other things, the hours worked, gross wages, deductions and net wages for each employee.

53.     Defendants' record keeping and notice violations prevented Plaintiffs, the FLSA Collective Plaintiffs, and Class Members from knowing their legal rights and from

figuring out exactly how many hours they were not compensated for.

54.    Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiffs and other similarly situated employees of Defendants were not paid overtime premiums for all hours worked in excess of forty (40) hours in a week. Defendants knew that the nonpayment of overtime premiums would economically injure Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members, and that they violated the FLSA and the NYLL.

55.    Defendants committed the foregoing acts knowingly, intentionally and willfully against the Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members.

**FIRST CLAIM FOR RELIEF**
**(Failure to Pay Overtime Wages – FLSA, Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

56.    Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

57.    Throughout the statute of limitations period covered by these claims, Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

58.    At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs the required overtime rates for all hours worked in excess of forty (40) hours per workweek.

59.    Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated

(double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**(Failure to Pay Wages & Overtime Wages – NYLL, Brought by Plaintiffs on Behalf of Themselves and the Class Members)**

60.     Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

61.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying (i) wages for all hours worked, and (ii) overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

62.     Throughout the Class Period, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the Class Members (i) for all hours worked, and (ii) at the required overtime rates for all hours worked in excess of forty (40) hours per workweek.

63.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

64.     Plaintiffs, on behalf of themselves and the Class Members, seek damages in the amount of their respective unpaid wages, overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to the NYLL, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
**(Notice Violations & Record Keeping & Wage Statement Violations – NYLL §195, Brought by Plaintiffs on Behalf of Themselves and the Class Members)**

65.    Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

66.    Defendants have willfully failed to supply Plaintiffs and the Class Members with notice as required by NYLL § 195, in English or in the languages identified by Plaintiffs and each Class Member as his/her primary language, containing their rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

67.    Defendants have willfully failed to supply Plaintiffs and each Class Member with an accurate statement of wages as required by NYLL § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

68.    Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants $250 for each workday that the § 195(3) violations occurred or continue to occur, or a total of $5,000, as provided for by NYLL § 198(1)-d, and $100 dollars for each workday that the § 195(1) violations occurred or continue to occur, or a total of $5,000, as provided for by NYLL § 198(1)-b, as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, on behalf of themselves, the FLSA Collective Plaintiffs, and the Class Members, prays for relief as follows:

(a)    Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b)    Certification of this action as a Rule 23 class action;

(c)    Designation of the Named Plaintiffs as the Representatives of the FLSA Collective Plaintiffs and Class Representatives of the Class;

(d)    An award of damages, according to proof, including FLSA and NYLL liquidated damages, to be paid by Defendants;

(e)    Costs of action incurred herein, including expert fees;

(f)    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(g)     Pre-Judgment and post-judgment interest, as provided by law; and

(h)     Such other and further legal and equitable relief as this Court deems

necessary, just and proper.

Dated: December 18, 2017              Respectfully submitted,

HARRISON, HARRISON & ASSOCIATES

___/S/ DAVID HARRISON_____
David Harrison (DH 3413)
110 State Highway 35, 2nd Floor
Red Bank, NJ 07701
(718) 799-9111 Phone
(718) 799-9171 Fax
nycotlaw@gmail.com
*Attorney for Plaintiffs, Proposed Collective Action*
*Plaintiffs and Proposed Class Members*

# EXHIBIT

# "A"

I am a current or former employee of JRR Contracting Inc. and/or related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this _07_ day of _November_ 2017.

_____
Signature

_____
Full Legal Name (print)

I am a current or former employee of JRR Contracting Inc. and/or related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this ___07___ day of _Novdmber_, 2017.

_____
                                      Signature

_Jeovanny Sanchez_
Full Legal Name (print)

**Declaration of Interpretation**

I, Edilma Chan, am over the age of 18.  I am fluent in both English and Spanish.  On November 7, 2017, I accurately translated the above Consent from English to Spanish for Jovanny Sanchez and Guillermo Loja to the best of my ability.  Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


November 7, 2017

_____
EDILMA CHAN

1