# Harrison, Harrison & Associates, Ltd.

65 BROADWAY, 7th Floor
NEW YORK, NY, 10006
DIRECT DIAL (888) 239-4410
FAX (718) 799-9171
nycotlaw@gmail.com

Address all mail to:
110 State Highway 35, 2nd Floor
Red Bank, NJ 07701

May 25, 2018

VIA ECF

Honorable Sidney H. Stein
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:     _Sanchez et. al. v. JRR Contracting Inc., et. al.,_ 1:17 CV 09997 (SHS)

Dear Judge Stein:

     Pursuant to this Court's May 10th Order, Plaintiffs Jovanny Sanchez and Fabian Loja ("Plaintiffs") and Defendants Jose L. Rodriguez and JRR Contracting Inc. ("Defendants") respectfully request that the Court approve their settlement agreement ("Agreement") - attached hereto as Exhibit "A" - and that the Court dismiss this litigation with prejudice discontinuing this case.

     The terms of the Agreement – entered into after the parties engaged in document discovery and negotiations between experienced counsel - provide that in exchange for Plaintiffs discontinuing this litigation and executing in favor of Defendants a wage and hour release, Defendants will pay Plaintiffs a total of $40,000.00 (the "Settlement Amount"), inclusive of attorney's fees and disbursements.

     As set forth in the Agreement, from the Settlement Amount, after deducting $477.47 in costs, two thirds, or $26,348.36 will be paid out to the two Plaintiffs in proportion with the approximate value of their claims – with Plaintiff Sanchez receiving 75% and Plaintiff Loja receiving 25%[1] - and the remaining $13,174.17, or one third, is allocated for attorneys' fees as provided for in the Plaintiffs' retainer agreements with our firm.

---

[1] Plaintiff Sanchez's estimated damages spreadsheet showed him as being owed $5,089 in on-the-clock overtime owed and approximately $27,716 in off-the-clock wages owed – for a total including liquidated damages and statutory penalties of $75,612. Plaintiff Loja's estimated damages spreadsheet showed him as being owed $1,140 in on-the-clock overtime owed and approximately $4,675 in off-the-clock wages owed – for a total including liquidated damages and statutory penalties of $21,631.

     The Agreement reflects a compromise between the parties. While Plaintiffs could have possibly received more money had they proceeded to and won at trial, Plaintiffs agreed to the Settlement Amount, and believe it to be a fair and reasonable compromise, because it represents <u>more</u> than their estimated unpaid wages (estimated at approximately $38,620) that they could have recovered had they won at trial. Although Plaintiffs could have won more monies when adding in liquidated damages and statutory penalties – which, combined with the $38,620 in unpaid wages totaled $97,243 - there were substantial risks involved in continuing with the litigation. One risk was with proceeding to trial was that Plaintiffs did not have accurate records listing the total hours that each of them worked.[2] As a result, Plaintiffs' damages calculations relied on certain estimations[3] and Plaintiffs may have had issues <u>proving</u> how much unpaid wages Defendants owe them. Thus, even if Plaintiffs would win at trial, the amount of overtime and/or unpaid wages owed to them could be less than the Settlement Amount.

     Another factor involved in Plaintiffs' decision to settle this lawsuit was because they wanted the Settlement Amount sooner, rather than having to wait many months or several years for payment. Plaintiffs also wished to forego the uncertainties of litigation and the hassle <u>and</u> expense of proceeding through depositions and trial. They also did not want to take time off from work for depositions, court conferences, and trial.

     Thus, Plaintiffs – and Defendants – believe that the Settlement Amount represents a fair and equitable compromise that allows them to proceed with their personal and work lives without the disruptions, inconveniences, and risks inherent in litigation.

## ATTORNEYS' FEES & COSTS

     From the Settlement Amount, $477.47[4] in costs will be reimbursed. From the remaining $39,522.53, $26,348.36 will be paid out to the two Plaintiffs and $13,174.17 is allocated for attorneys' fees. This one-third contingency - agreed upon by Plaintiffs in their retainer agreements - is regularly approved in this circuit in FLSA and NYLL cases. *See Najera v. Royal Bedding Co., LLC*, No. 13-CV-1767 (NGG)(MDG), 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) ("one-third contingency fees [] are commonly accepted in the Second Circuit in FLSA cases."); *Kochilas v. Nat'l Merch. Servs., Inc.*, No. 1:14-CV-00311 (LB), 2015 WL 5821631 (E.D.N.Y. Oct. 2, 2015) (awarding 33% of $60,000 in FLSA and NYLL case, and stating that the "percentage-of-recovery method . . . is consistent with the trend in this Circuit."); *Hart v. RCI Hosp. Holdings, Inc.*, No. 09-CV-3043 (PAE), 2015 WL 5577713 (S.D.N.Y. Sept. 22, 2015) (awarding 32.9% of the settlement amount in FLSA and NYLL case.); *Rangel v. 639 Grand St.*

---

[2] In addition, while Defendants would presumably have numerous managers and other witnesses attesting to their version of the facts, Plaintiffs anticipate difficulties in locating witnesses who would be willing to testify against Defendants.

[3] Additionally, Defendants pointed out several inaccuracies with regards to Plaintiffs' calculations of their hours worked. In fact, Defendants were confident that they could establish that Plaintiffs' "off-the-clock" allegations were inaccurate, and that Plaintiffs were paid for all hours worked each workweek. Defendants were also confident that they could prove that the alleged NYLL 195 violations were significantly overinflated by Plaintiffs.

[4] In addition to the $400 filing fee, process server fees were $77.47. Plaintiffs' counsel is not seeking reimbursement for translators fees' incurred in this case.

*Meat & Produce Corp.*, 13 CV 3234 (LB), 2013 WL 5308277, at *1 (E.D.N.Y., Sept. 19, 2013)("This fee arrangement [of one third of the settlement amount plus costs] is routinely approved by courts in this Circuit."); *Chavarria v. New York Airport Serv., LLC*, 875 F. Supp. 2d 164, 179 (E.D.N.Y. 2012) (Go, M.J.) (finding "Class counsel's requested fee, 33% of the settlement, reasonable under the circumstances of this case and 'well within the range accepted by courts in this Circuit.'").

In light of the above, Plaintiffs and Defendants jointly and respectfully request that this Court approve the parties' Agreement and that the Court "So Order" the Order of Dismissal attached to the last page of the Agreement, discontinuing this case with prejudice.

We thank the Court for its attention to this matter.

Respectfully submitted,
/s/ DAVID HARRISON
David Harrison

cc:   ALL COUNSEL (via ECF)

# EXHIBIT "A"

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement") is hereby made and entered into by and between JOVANNY SANCHEZ, an individual, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators ("Sanchez"), and FABIAN LOJA, an individual, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators ("Loja") (collectively, the "Plaintiffs"), on the one hand, and JOSE L. RODRIGUEZ, an individual, on behalf of himself, his agents, assigns, attorneys, insurers, re-insurers, heirs, successors, executors and administrators ("Rodriguez"), and JRR CONTRACTING INC., a New York corporation ("JRR Contracting") (collectively, the "Defendants"), on the other hand (the Plaintiffs and the Defendants are referred to collectively herein as the "Parties").

## RECITALS

**WHEREAS**, on December 22, 2017, Plaintiffs, through their attorneys, filed a complaint asserting claims against the Defendants for alleged violations of the Fair Labor Standards Act of 1938, as amended, and related regulations (together, the "FLSA"), and the New York Labor Law and related regulations promulgated by the NYS Commissioner of Labor (together, the "NYLL"), seeking alleged unpaid wages, unpaid overtime premium compensation, penalties for alleged failure to provide pay rate/pay day notices, liquidated damages, statutory damages and/or penalties, interest, costs and attorney's fees, in an action filed in the United States District Court for the Southern District of New York (the "Court"), entitled Jovanny Sanchez et al. v. JRR Contracting Inc., et al., Case No. 17-CV-09997 (SHS)(KHP) (the "Action"); and

**WHEREAS**, the Parties to this Agreement mutually desire to fully resolve and forever settle all of the claims asserted by the Plaintiffs against the Defendants in the Action, for the purpose of avoiding the time, expense and inconvenience of further litigation; and

**WHEREAS**, all Parties to this Agreement are and have been represented by legal counsel at all times throughout the negotiation, preparation and execution of this Agreement, and all Parties have had a full and fair opportunity to consider this Agreement and review all of its terms with the assistance of such counsel; and

**WHEREAS**, all Parties to this Agreement have carefully considered other alternatives to executing this Agreement and have entered into this Agreement knowingly, voluntarily and without coercion; and

**NOW THEREFORE**, with the intent to be legally bound hereby and in consideration of the mutual covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by all of the Parties hereto, and upon incorporating the WHEREAS provisions listed above, IT IS HEREBY AGREED by and between the Parties as follows:

## AGREEMENT

(1) <u>Consideration</u>: (a) In consideration for the Plaintiffs signing this Agreement and complying with all of the terms and conditions herein, Defendants shall pay to the Plaintiffs and their attorneys the total sum of **Forty Thousand Dollars and Zero Cents ($40,000.00)** (the "Settlement Amount"), payable as follows:

    i. Due fourteen (14) days following approval of this Agreement by the Court and the dismissal of the Action with prejudice, the amount of $40,000.00, allocated as follows: one (1) check payable to Sanchez in the amount of $9,880.64; representing economic damages, less withholdings and deductions; (1) check payable to Sanchez in the amount of $9,880.63, representing liquidated damages; one (1) check payable to Loja in the amount of $3,293.55; representing economic damages, less withholdings and deductions; (1) check payable to Loja in the amount of $3,293.54 representing liquidated damages; and one (1) check payable to Harrison, Harrison & Associates, in the amount of $13,651.64, representing attorney's fees and costs.

(b) The Settlement Amount to be paid to the Plaintiffs and their attorneys pursuant to this Agreement is in complete settlement of all demands or claims, including for alleged unpaid wages, liquidated damages, statutory penalties, interest, attorney's fees, and costs which the Plaintiffs have asserted in the Action against the Defendants. All settlement payments shall be delivered to: Harrison, Harrison & Associates, 65 Broadway, 7th Floor, New York, NY 10006, Attn: David Harrison, Esq. The Plaintiffs shall not be entitled to, and shall not seek, any further compensation from the Defendants, including any further monetary payment, beyond that which is specifically set forth in this paragraph. Defendants shall issue IRS Forms 1099 to Plaintiffs for their respective liquidated damages portions of the Settlement Amount, and Plaintiffs shall provide W4 Forms for their respective wage portions of the Settlement Amount. The Plaintiffs expressly understand and agree that they shall be solely responsible for the payment of all federal, state and local taxes that may be due on their respective portions of the Settlement Amount, and shall indemnify Defendants in connection with any tax liability resulting from said payments.

(c) None of the payments specified in subparagraph (a) above shall be made until and unless the following conditions shall first have been met: (i) each of the Plaintiffs have provided Defendants with properly completed, duly executed W-4 Forms; (ii) Harrison, Harrison & Associates has provided Defendants with a properly completed, duly executed IRS Form W9; and (iii) the Court has approved this Agreement and dismissed the Action with prejudice.

(2) <u>No Admission of Liability</u>: The Defendants do not admit to any liability or wrongdoing whatsoever on their part or by any individuals acting under their supervision or on their behalf. Neither this Agreement nor the payment or acceptance of the Settlement Amount shall be construed, described or characterized by any of the Parties hereto or by any of their agents or representatives as an admission by the Defendants of any liability or wrongdoing or violation of any law, rule, regulation, public policy or contractual provision.

(3) <u>Release of Claims by Plaintiffs</u>: In consideration for the foregoing, the Plaintiffs, on behalf of themselves and their dependents, heirs, executors, administrators, legal and/or personal

representatives, successors, assigns and agents, do hereby knowingly, voluntarily, unconditionally and irrevocably release and forever discharge Defendants, and each and every one of their respective divisions, affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities, predecessors, successors, management companies, assigns, officers, directors, trustees, employees, agents, shareholders, administrators, representatives, attorneys, insurers, re-insurers or fiduciaries, past, present or future (hereinafter referred to collectively as the "Releasees"), from any and all claims arising under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.*, as amended, and related regulations, and the New York Labor Law and related regulations promulgated by the NYS Commissioner of Labor, including but not limited to all claims asserted by the Plaintiffs in the Action, and any other statutory, regulatory and/or common law claims for alleged unpaid wages, unpaid minimum wages, unpaid overtime compensation, spread-of-hours compensation, unpaid benefits time, liquidated damages, statutory damages and/or penalties, interest, costs and attorneys' fees under any federal, state or local laws, based upon any conduct occurring from the beginning of the world to the date of the Plaintiffs' execution of this Agreement. To the fullest extent permitted by law, the Plaintiffs promise not to sue or bring any charges, complaints or lawsuits related to the claims hereby released against the Releasees in the future, individually or as members of a class. The Plaintiffs also specifically waive and release their rights to recover any money whatsoever from any of the Releasees in connection with any charge, claim or complaint filed by anyone with any government agency investigating any alleged violations relating to any of the released claims, to the fullest extent permitted by law. This waiver, release and promise not to sue is binding on the Plaintiffs, their heirs, legal representatives and assigns. In the event that any of the Plaintiffs violate this Agreement by bringing or maintaining any charges, claims or lawsuits against any of the Releasees contrary to this Paragraph, such Plaintiff(s) shall pay all costs and expenses of any of the Releasees in defending against such charges, claims or actions, including reasonable attorney's fees. The Plaintiffs specifically waive and release any right to become members of any class or collective action in any proceeding or case in which a claim or claims against the Releasees for alleged violations of the Fair Labor Standards Act and/or the New York Labor Law may arise, in whole or in part, from any event which occurred prior to Plaintiffs' execution of this Agreement. It is understood that if any of the Plaintiffs, by no action of their own, become members of any such class or collective, that such Plaintiffs shall take all steps necessary to opt out of any such class or collective action.

(4)     <u>Submission of Agreement for Court Approval; Dismissal of the Action</u>:  Once this Agreement has been executed and delivered by all of the Parties, the Parties shall promptly file this Agreement, along with the FLSA Fairness Letter Motion, with the Court for review and approval, together with the proposed Order of Dismissal with Prejudice annexed to this Agreement as Exhibit A. This Agreement shall not become final and binding upon the Parties until it has been approved by the Court as a fair and reasonable disposition of the Plaintiffs' Fair Labor Standards Act claims. The Parties shall request that the Court retain jurisdiction over the Action solely for the purpose of enforcing the payment terms of this Agreement, if necessary.

(5)     <u>Non-Assignment of Claims</u>:  The Plaintiffs represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person, firm, or corporation whatsoever, any of the matters released in this Agreement, and Plaintiffs agree to defend, indemnify and hold harmless Releasees against any debts, obligations, liabilities, demands,

damages, actions or causes of actions based on or arising out of or in connection with any such transfer or assignment, including without limitation, the payment of reasonable attorney's fees and costs.

(6)  Each Party To Bear Its Own Attorney's Fees:   The Parties shall each bear their own attorney's fees, costs, and expenses, except as may be expressly provided herein.

(7)  Medicare and Medicaid:  This settlement is based upon a good faith determination between the Parties to resolve a disputed claim. The Parties have not shifted responsibility of medical treatment to Medicare in contravention of 42 U.S.C. Sec. 1395y(b). The Parties resolved this matter in compliance with both state and federal law and made every effort to adequately protect Medicare's interest and incorporate such into the settlement terms. Plaintiffs will have the sole responsibility to satisfy any lien or claim asserted against the Settlement Amount or arising from the settlement, including any potential future lien by Medicare and/or Medicaid (CMS/DSS/HRA). Plaintiffs will indemnify, defend, and hold Releasees and/or Releasees' insurers and re-insurers harmless from any and all claims, liens, Medicare conditional payments and rights to payment, known or unknown. If any governmental entity, or anyone acting on behalf of any governmental entity, seeks damages, including multiple damages from Releasees and/or Releasees' insurers and re-insurers relating to payment by such governmental entity, or anyone acting on behalf of such governmental entity, relating to Plaintiffs' alleged injuries, claims or lawsuit, Plaintiffs will defend and indemnify Releasees and/or Releasees' insurers and re-insurers, and hold Releasees and/or Releasees' insurers and re-insurers harmless from any and all such damages, claims, liens, Medicare conditional payments and rights to payment, including any attorneys' fees sought by such entities.

(8)  Successors and Assigns:  This Agreement shall inure to the benefit of, and shall be binding upon, the successors and assigns of each of the Parties.

(9)  Entire Agreement:  This Agreement, when signed by all Parties, shall constitute the entire understanding and agreement between the Parties and supersedes and cancels any and all prior oral and/or written agreements, if any, between and among them. The Parties warrant that there were no representations, agreements, arrangements or understandings between them, whether written or oral, relating to the subject matter contained in the Agreement which are not fully expressed herein and that no party has relied upon any such representations, agreements, arrangements or understandings, whether written or oral, in entering into this Agreement.

(10)  Modification in Writing:  This Agreement may not be altered, amended or modified, nor any of its provisions waived, except by a further agreement in writing signed by all of the Parties or by their respective counsel.

(11)  No Other Assurances:  The Plaintiffs acknowledge that, in deciding to execute this Agreement, they have not relied upon any promises, statements, representations or commitments, whether spoken or in writing, made to them by anyone, except for what is expressly stated in this Agreement.

(12) Governing Law and Interpretation; Breach: This Agreement and the rights and obligations of the Parties hereunder are to be governed by and construed and interpreted in accordance with the laws of the State of New York applicable to contracts made and to be performed wholly within New York, without regard to choice or conflict of laws principles. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or seek any damages for such breach. The prevailing party in any such action shall be entitled to reasonable attorney's fees and costs in connection with an action for breach.

(13) Joint Preparation: The language of all parts of this Agreement shall in all cases be construed as a whole, extending to it its fair meaning, and not strictly for or against any of the Parties. The Parties agree that, in consultation with their attorneys, they have jointly prepared and approved the language of the provisions of this Agreement, and that should any dispute arise concerning the interpretation of any provision hereof, neither the Plaintiffs nor the Defendants shall be deemed the drafter, nor shall any such language be presumptively construed in favor of or against either the Plaintiffs or the Defendants.

(14) Severability: If any provision, term or clause of this Agreement, or any part thereof, is declared by any court of competent jurisdiction or any foreign, federal, state, county or local government or any other governmental regulatory or administrative agency or authority or arbitration panel to be invalid, void, unenforceable or against public policy for any reason, that provision, term or clause, or any part thereof, shall be deemed severable, such that all other provisions, terms and clauses, or any other parts thereof, of this Agreement shall remain in full force and effect and shall continue to be valid and binding upon all of the Parties.

(15) Paragraph Headings: Paragraph headings contained in this Agreement have been inserted herein only as a matter of convenience and in no way define, limit, extend or describe the scope of this Agreement or the intent of any provision hereof.

(16) Counterparts; Execution: This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same Agreement. A facsimile or electronic copy of this Agreement shall have the same force and effect as the original. Any signature page signed by electronic signature via DocuSign® for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page signed via DocuSign®.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**IN WITNESS WHEREOF**, the parties hereto have knowingly and voluntarily executed this Agreement as of the date set forth beneath their respective signatures below:

STATE OF NEW YORK )
) ss:
COUNTY OF New York )

I, **Jovanny Sanchez**, affirm that I have fully reviewed the foregoing Agreement with my attorneys, that it has been explained to me and, if necessary, has been fully interpreted to me in my native language, that I understand all of its provisions, and that I enter into this Agreement knowingly and voluntarily.

_Jeovanny Sanchez_
~~JOVANNY SANCHEZ~~ Jeovanny Sanchez

Sworn to before me this
24th Day of May, 2018

_Julie Salwen_
Notary Public

NY
025A6364294
expires 9/11/2021

---

STATE OF NEW YORK )
) ss:
COUNTY OF New York )

I, **Fabian Loja**, affirm that I have fully reviewed the foregoing Agreement with my attorneys, that it has been explained to me and, if necessary, has been fully interpreted to me in my native language, that I understand all of its provisions, and that I enter into this Agreement knowingly and voluntarily.

_[signature]_
FABIAN LOJA

Sworn to before me this
24th Day of May, 2018

_Julie Salwen_
Notary Public

NY
025A6364294
expires 9/11/2021

STATE OF NEW YORK )
) ss:
COUNTY OF NEW YORK )

I, **Jose Rodriguez**, affirm that I am an officer of JRR Contracting Inc. and as such, I am authorized to execute the foregoing Agreement for the purposes contained therein, on behalf of JRR Contracting Inc.

_____
JRR CONTRACTING, INC.
By: Jose Rodriguez
Title: President

Sworn to before me this
22 Day of MAY , 2018

_____
Notary Public

JULIAN AGUAYO-POHL
NOTARY PUBLIC-STATE OF NEW YORK
NO. 01AG6248354
QUALIFIED IN NEW YORK COUNTY
MY COMMISSION EXPIRES 03-04-2020

---

STATE OF NEW YORK )
) ss:
COUNTY OF NEW YORK )

I, **Jose Rodriguez**, affirm that I have fully reviewed the foregoing Agreement with my attorneys, that it has been explained to me and, if necessary, has been fully interpreted to me in my native language, that I understand all of its provisions, and that I enter into this Agreement knowingly and voluntarily.

_____
JOSE RODRIGUEZ

Sworn to before me this
22 Day of MAY , 2018

_____
Notary Public

JULIAN AGUAYO-POHL
NOTARY PUBLIC-STATE OF NEW YORK
NO. 01AG6248354
QUALIFIED IN NEW YORK COUNTY
MY COMMISSION EXPIRES 03-04-2020

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF NEW YORK
------------------------------------------------------------X
JOVANNY SANCHEZ, et al.

                             Plaintiffs,

       -against-                      Case No.: 17-CV-09997 (SHS)(KHP)

JRR CONTRACTING INC., et al.       **ORDER OF VOLUNTARY**
                                            **DISMISSAL WITH PREJUDICE**
                             Defendants.
------------------------------------------------------------X

       Upon the joint application of the plaintiffs and the defendants, by their respective counsel, for entry of an Order of Voluntary Dismissal with Prejudice approving the parties' negotiated settlement in the above-captioned action, and the parties having consented to the entry of this Order; and sufficient cause appearing for the same; after due deliberation; it is

       HEREBY ORDERED AS FOLLOWS:

       1.     The parties' settlement agreement has been negotiated in good faith and at arm's length by the parties through their respective counsel;

       2.     The settlement agreement is approved as a fair and reasonable disposition of the plaintiffs' claims asserted pursuant to the Fair Labor Standards Act; and

       3.     Accordingly, this action, and all of the claims asserted herein, is hereby dismissed in its entirety with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. The Court shall retain jurisdiction over this matter solely to enforce the settlement agreement.

                                                  **SO ORDERED:**

Dated: New York, New York
          _____, 2018

                                            _____
                                            Sidney H. Stein
                                            United States District Court Magistrate